**SO ORDERED.**

**SIGNED this 06 day of January, 2010.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| IDA MARIE TUCKER BOWLING, | 09-07294-8-JRL |
| DEBTOR. | Chapter 7 |

### ORDER

This case is before the court on the trustee's objection to the debtor's claim of exemptions. A hearing took place in Raleigh, North Carolina on October 8, 2009.

The debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on August 27, 2009. On Schedule C-1, paragraph 13, the debtor claimed as exempt real property located at 101 Prescott Drive, Durham, North Carolina. In June 2009, on the advice of bankruptcy counsel, the debtor and her husband transmuted their ownership interests in the property from tenants in common to tenants by the entirety. At the time of the transfer, the debtor had $56,000.00 of unsecured debt in her name only. The trustee contends that the transfer was made with the intent to defraud creditors and argues that the entireties exemption cannot be claimed in property fraudulently conveyed.

Under 11 U.S.C. § 522 a debtor may claim as exempt "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the

entirety . . . to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(3) (2009).  In North Carolina a debtor may claim property as exempt under the common law doctrine of tenancy by the entireties. In re Knapp, 285 B.R. 176, 182 (Bankr. M.D.N.C. 2002) (citing In re Banks, 22 B.R. 891 (Bankr. W.D.N.C. 1982)).  The debtor, a North Carolina resident, held the real property at issue as tenants by the entireties immediately before the commencement of this case, and as such she is entitled to claim the exemption.

Based on the evidence presented at hearing, the trustee's objection to the debtor's claim of exemptions is OVERRULED without prejudice to the trustee's ability to file an adversary proceeding to set aside the conveyance as a fraudulent transfer.

**"END OF DOCUMENT"**